UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



| | | |
|---|---|---|
| **John Pinckney**, # 235657, | ) | **C/A No. 9:06-2274-PMD-GCK** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **Jon Ozmint**, Director of SCDC; | ) | |
| **Anthony Padula**, Warden of Lee Correctional | ) | |
| Institution; and | ) | |
| **Henry McMaster**, Attorney General of South | ) | |
| Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

# *Background of this Case*

The petitioner is an inmate at the Lee Correctional Institution of the

South Carolina Department of Corrections (SCDC).  On October 9, 1996, in

the Court of General Sessions for Dorchester County, the petitioner was

convicted, in a jury trial, of first-degree criminal sexual conduct and was

sentenced to thirty (30) years in prison.  According to the petitioner's answers

on page 3 of the Section 2254 petition, the South Carolina Court of Appeals

dismissed the direct appeal in an unpublished opinion on December 31, 1997

1

Dockets.Justia.com

(Opinion No. 97-UP-688). The petitioner's answers also indicate that he has not filed an application for post-conviction relief with respect to his conviction.

The petitioner raises three (3) grounds in the Section 2254 petition. Although it appears that Grounds One and Two may have been exhausted in the direct appeal, the petitioner raises ineffective assistance of counsel in his Ground Three.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal because it is obviously a "mixed" petition. Rose v. Lundy, 455 U.S. 509 (1982). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his conviction and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies.  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted."  Beard v. Green, 523 U.S. 371, 375, 140 L.Ed.2d 529, 118 S.Ct. 1352, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)).  *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); Schandelmeier v. Cunningham, 819 F.2d 52, 53, 1986 U.S. App. LEXIS® 36955 (3rd Cir. 1986)(exhaustion required under § 2241).

This court's exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 139 L.Ed.2d 57, 118 S.Ct. 102, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's

state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

<u>Matthews v. Evatt</u>, 105 F.3d at 910-911 (citations omitted from quotation).

In order to exhaust his or her non-direct appeal claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. <u>Gibson v. State</u>, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and <u>Simmons v. State</u>, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." <u>Gibson v. State</u>, <u>supra</u>, 329 S.C. at 42, 495 S.E.2d at 428. The Supreme Court of

South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[3]

In any event, it is clear that the petitioner has not exhausted his state remedies as to Ground Three (ineffective assistance of counsel). Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). With respect to his claims of ineffective assistance of counsel, the petitioner can file an application for post-conviction relief. See § 17-27-10, et seq., South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. See § 17-27-100, South

---

[3]Where a habeas petitioner has failed to exhaust his or her state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); Breard v. Pruett, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, supra, 105 F.3d at 916 (quoting Coleman v. Thompson, supra, 501 U.S. at 750). This standard has been referred to as a "demanding burden." Townes v. Murray, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

6

Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. In an application for post-conviction relief, the petitioner can raise issues relating to ineffective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).

In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, 466 at 687-694. The second prong of the Strickland test

is often called the "prejudice" component.  *See also* Williams v. Taylor, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law.  Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland v. Washington, supra, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference.  *See* Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); Williams v. Taylor, supra (standard under Anti-Terrorism and Effective Death Penalty Act); and James v. Harrison, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying Williams v. Taylor standard), *cert. denied*, 544 U.S. 1005, 161 L.Ed.2d 782, 125 S.Ct. 1945, 2005 U.S. LEXIS® 3626 (2005).  Hence, with respect to the quality of his representation at trial and on direct appeal, findings of fact by a South Carolina court are necessary before the petitioner can seek federal review of his conviction in a § 2254 proceeding.

Since Ground Three is not exhausted, the petition in the above-captioned case is a "mixed" petition.  *See* Rose v. Lundy, 455 U.S. 509, 518-519 (1982).  In Rose v. Lundy, the Supreme Court of the United States concluded that a "mixed" petition (a petition raising both exhausted grounds and unexhausted grounds) should be dismissed, with leave for the petitioner to submit either a new petition that contains only grounds as to which state remedies have been exhausted, or to complete exhaustion as to all grounds before submitting another federal petition, with a *caveat* to the petitioner that if he or she elects the first option, and later submits another petition if state relief is denied on the unexhausted ground(s), he or she may be confronted by the bar of Rule 9(b) of the Section 2254 Rules, under which successive petitions can be barred in some circumstances.

In light of the fact that one that more than eight years have passed since the South Carolina Court of Appeals decided the direct appeal, it is not necessary to stay the above-captioned case to prevent the statute of limitations from expiring.  *Cf.* Rhines v. Weber, 544 U.S. 269, 161 L.Ed.2d 440, 125 S.Ct. 1528, 2005 U.S. LEXIS® 2930 (2005).  In any event, the filing of this federal habeas petition in the above-captioned case does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254.  Duncan

v. Walker, 533 U.S. 167, 150 L.Ed.2d 251, 121 S.Ct. 2120, 2001 U.S. LEXIS® 4493 (2001). Also, the filing of this federal petition does not toll the limitations period of § 17-27-45, South Carolina Code of Laws, for filing an application for post-conviction relief. Green v. State, 353 S.C. 29, 30, 576 S.E.2d 182, 183, 2003 S.C. LEXIS® 19 (2003).

For the petitioner's information, the petitioner can obtain post-conviction forms from the Clerk of Court for Dorchester County (whose address is 101 Ridge Street, St. George, South Carolina 29477). The petitioner should be mindful that the General Assembly has enacted limitations periods for post-conviction cases. *See* 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws. *See also* Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996). *Cf.* Leamon v. State, 363 S.C. 432, 611 S.E.2d 494, 2005 S.C. LEXIS® 97(2005)(prisoner's incarceration in another jurisdiction does not toll limitations period of § 17-27-45); and Green v. State, supra, 576 S.E.2d at 183.

As earlier stated, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or

she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, supra. In fact, if a Court of Common Pleas denies the South Carolina prisoner's application for post-conviction relief or dismisses the application for post-conviction relief, a prisoner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* Whitley v. Bair, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); Mason v. Procunier, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, Mason v. Sielaff, 471 U.S. 1009 (1985); and Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Moreover, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, Riddle v. Ozmint, 369 S.C. 39, 631 S.E.2d 70, 2006 S.C. LEXIS® 177 (2006); Vaughn v. State, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004); and Stevens v. State, 365 S.C. 309, 617 S.E.2d 366, 2005 S.C. LEXIS® 221(2005).

Since the petitioner has yet to exhaust two (2) viable state court remedies — an application for post-conviction relief and, if necessary, an appeal in the post-conviction case, this court should not keep this habeas

11

corpus case on its docket while the petitioner is exhausting his state court remedies. *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

# *Recommendation*

Accordingly, it is recommended that the petition for writ of habeas corpus be dismissed *without prejudice* and *without requiring the respondents to file a return*. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return),

12

*cert. denied*, 400 U.S. 906 (1970); <u>Toney v. Gammon</u>, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); <u>Baker v. Marshall</u>, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

August 16, 2006                    S/George C. Kosko
Charleston, South Carolina         United States Magistrate Judge

13

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &

## The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**