In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **John Pinckney, #241924,** )<br>  ) <br> Petitioner, )<br>  )<br> vs. )<br>  )<br> **Jon Ozmint, Director of SCDC; Anthony** )<br> **Padula, Warden of Lee Correctional** )<br> **Institution; and Henry McMaster,** )<br> **Attorney General of South Carolina** )<br>  )<br> Respondents. )<br>  ) | Civil Action No.  9:06-2274-PMD-GCK<br><br>**REPORT AND RECOMMENDATION**<br>**OF THE MAGISTRATE JUDGE** |

## I.   INTRODUCTION

The Petitioner, John Pinckney ("Petitioner" or "Pinckney"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.

The above-named Respondents have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is submitted for review by the District Court.

## II.   *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978);

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing*

*Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Petitioner was indicted at the May 1996 term of Court of General Sessions for Dorchester County for criminal sexual conduct in the First Degree, in violation of S.C. Code 16-3-652 (96-GS-18-549).  (App. 410).  Petitioner was represented by Marva Hardee-Thomas, Esquire.  The State was represented by Assistant Solicitor Margaret McDonald, Esquire.

On October 9, 1996, Petitioner's case was called for trial before the Honorable Luke N. Brown and a jury.  (App.1)  At the conclusion, Petitioner was found guilty of the charge.  The Petitioner was sentenced by Judge Brown to confinement for a period of thirty (30) years. (App. 339).

Petitioner timely sought direct appeal review of his conviction and sentence.  (App. 415)  M. Anne Pearce, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  Appellate counsel filed a "Final *Anders* Brief of Appellant and petition to be relieved as counsel" (Tab #1) on August 7, 1997, and raised the following issue:

> Whether the trial judge erred in denying appellant's motion for a new trial where the verdict went against the weight of the evidence.

The appeal was dismissed by the South Carolina Court of Appeals after consideration of the record pursuant to Anders v. California, 386 U.S. 738 (1967) and counsel's request to be relieved was granted.  *State v. Pinckney*, Op. NO. 97-UP-688 (S.C.S.Ct., filed December 21, 1997) (App. 344).  The state court issued the remittitur on January 16, 1998 June 6, 2000.  (Tab #3).

## B.  Petitioner's First Application for Post-Conviction Relief

The Petitioner made an application for post-conviction relief filed January 29, 1998. (App. 345-359).   In the application , Petitioner alleged that he was being held in custody unlawfully for the following reasons:

1. Denied due process
2. Ineffective assistance of counsel
3. Ineffective assistance of appellate counsel.

The Respondent made its Return on September 16, 1998.  (App. 360-364).  An evidentiary hearing into the matter was convened on March 23, 1999 at the Dorchester County Courthouse.  (App. 365-408).  The Petitioner was present at the hearing and was represented by Michael Bowler, III.  The Respondent was represented by Lawrence Wedekind of the South Carolina Attorney General's Office.  At the PCR hearing, the Petitioner alleged that trial counsel failed to challenge and suppress, under the 4th Amendment, the State's introduction of an unlawfully seized knife into evidence at trial and that counsel failed to make a *Batson* motion regarding the State's jury strikes.  At the hearing, the Petitioner testified on his own behalf.  Testifying on behalf of the State was Petitioner's trial counsel, Marva Hardee-Thomas, Esquire.

On April 27, 1999, the Honorable Duane Shuler entered his written order denying relief.  (App. 427-430).  Petitioner timely took an appeal from the denial of state PCR to the South Carolina Supreme Court, and was represented by Michael B. Bowler, Jr., Esquire.  On January 19, 2001, Mr. Bowler filed a *Johnson* Petition for a Writ of Certiorari and request to be relieved as counsel pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). Petitioner's appeal raised one issue:

> [W]hether Petitioner was denied due process of law and trial counsel was ineffective when trial counsel failed to request a Batson hearing based upon prejudicial selection of the jury?  (Tab #4)

On December 18, 2000, Petitioner had filed a motion for relief of counsel and appointment of appellate counsel. (Tab #5). On November 15, 2001 the South Carolina Supreme Court entered its order denying the petition for writ of certiorari and granting counsel's request to be relieved. (Tab #6). The remittitur was entered pursuant to SCACR Rule 221 on December 4, 2001. (Tab #7).

### C. Petitioner's Second Application for Post-Conviction Relief

The Petitioner made a second application for post-conviction relief (2002-CP-18-1267) on August 15, 2002. (Tab 13, App. 493-504). In his second PCR application, Petitioner alleged that he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel;
2. Subject matter jurisdiction; and
3. After discovered evidence.

The Respondent made its Return and Motion to Dismiss on November 6, 2003. (App. Tab #13, 508-513). An evidentiary hearing into the matter was convened on April 28, 2004 before the Honorable John M. Milling. (App. Tab #13, 515-525). The Petitioner was present at the hearing and was represented by John Quattlebaum, Esquire. The state was represented by Paula S. Magargle, Esquire, Assistant Attorney General. At the PCR hearing, the Petitioner argued that the court lacked subject matter jurisdiction to convict him and that newly discovered evidence that "his sister was never presented with a search warrant and that they never asked for her consent" required relief. The Respondent made a motion to dismiss the second PCR application because it was successive, time barred and raised issues that were not cognizable under the Post Conviction Procedure Act.

On June 7, 2004, Judge Milling entered an Order of Dismissal with Prejudice (Tab #13, App. 526-532) which denied Petitioner relief. First, Judge Milling held that Petitioner had not met his burden to establish that his new grounds raised in this second action could not have been raised by him in a previous application; therefore, the second PCR application was

successive to his prior application for PCR,  Next, Judge Milling held that Petitioner's allegations other than the lack of subject matter jurisdiction allegation and the newly discovered evidence allegation in the current application for PCR should also be dismissed for failure to comply with the filing procedures of the Act. S.C. Code Ann. § 17-27-10 to -160 (Supp. 1999).  Third, Judge Milling held that Petitioner's allegation that the trial court lacked subject matter jurisdiction was without merit in that the indictment did, in fact, include all of the necessary elements of the crime.  Finally, Judge Milling found that Petitioner's allegation regarding his newly discovered evidence was without merit because Petitioner had failed to show that the alleged evidence met *any* of the requirements for after-discovered evidence as articulated in *Hayden v. State*, 278 S.C. 610, 611-12, 299 S.E.2d 854, 855 (1983); most importantly, the "new evidence" offered by the Petitioner was not "material to the issue of guilt or innocence," and probably would not "change the result if a new trial was had."

       The Petitioner made an appeal of the denial to the South Carolina Supreme Court. The Petitioner was represented by Aileen Clare, Esquire of the South Carolina Office of Appellate Defense.  On November 19, 2004, Attorney Clare filed a "*Johnson* Petition for Writ of Certiorari" and requested to be relieved as counsel pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201(1988).  In the Petition, she raised one ground for relief:

> Did the lower court err in dismissing Petitioner's PCR application as successive? [Tab #8].

       On December 20, 2004, Petitioner filed a "Pro Se *Johnson* petition" in response asserting the state had failed to prove a knowing waiver of consent to search by the Petitioner when his sister had consented to the search of her residence, where Petitioner also lived.  (Tab #9). On December 14, 2005, after review pursuant to *Johnson*, the South Carolina Supreme Court entered its order denying certiorari and granting counsel's petition to be relieved.  (Tab #10).  The remittitur was entered on December 30, 2005.  (Tab #11).

## IV.  FEDERAL COURT HISTORY

Petitioner is presently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Petitioner filed this Petition for a writ of habeas corpus (the "Petition") on August 9, 2006 against Jon Ozmint, SCDC Director; Anthony Padula, Warden of Lee Correctional Institution; and Henry McMaster, Attorney General of South Carolina (collectively, the "Respondents").[1]  [1].  In his *pro se* Petition, Petitioner has raised the following grounds for relief:

Ground One:   Prosecutorial misconduct in closing argument in which the prosecutor injected his personal opinion into the fact finding process with improper vouching of the victim's credibility.

   Supporting Facts:   a. Ladies and gentlemen, to be believe John Pinckney is to believe, number one, that every word that Carolina Hall said is a lie, to throw her testimony out the window and say, "no, we believe this liar that we know is a drunk and who bums money off his neighbors and who says he's going to pay them back and doesn't do it, over her, a woman who's got absolutely no reason to lie."
   b. During closing argument, the Solicitor commented upon the credibility of Petitioner by injecting his personal opinion into the fact finding process.

Ground Two   Petitioner technically prevented from challenging his claim on a lack of subject matter jurisdiction on a Supreme Court new retroactive new ruling of 2006.

   Supporting Facts:   a. Petitioner did not raise the above issue. However, even assuming that this issue was raised, the time of the decision by the Supreme Court of (03/13/06) would have technically prevented him from getting relief based on the court's new retroactive ruling.

Ground Three   Petitioner was denied due process of law and trial counsel was ineffective when trial counsel failed to request a Batson hearing based upon the prejudicial selection of the jury panel.

---

[1] In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.  In this case, the court has examined the envelope attached to Petitioner's Petition and has determined that the Petition was delivered to the correction institution mailroom on August 9, 2006.

|               |                                                                                                                                                                                                                                                                                                                                   |
| ---           | ---                                                                                                                                                                                                                                                                                                                               |
| Supporting Facts: | a. The trial record is silent as to any race - neutral explanation concerning the jury pool selection by the State, the group (African-American) allegedly excluded is a distinctive group in the community, the 65% to 75% of the (Dorchester County/St. George, S.C.) Community made up of the group alleged to be under-represented. |
| Ground Four.  | The lower court erred in denying (Applicant's) Petitioner motion for a directed verdict on the State's charge against him.                                                                                                                                                                                                        |
| Ground Five:  | Trial counsel was ineffective in failing to object to the Solicitor's closing comments in which the State improperly vouched for a witness's credibility.                                                                                                                                                                         |
| Supporting Facts: | [See Allegation I]. The Solicitor asserted that "a woman who has no reason to lie."                                                                                                                                                                                                                                             |
| Ground Six.   | The PCR Judge erred in denying Applicant Petitioner relief on grounds of a lack of subject matter jurisdiction because of indictments defective variance.                                                                                                                                                                         |
| Supporting Facts: | a. Indictment did not specify what aggravated force was used to accomplish sexual battery.                                                                                                                                                                                                                                       |
|               | b. Indictment lacked specificity and therefore was vague and overbroad.                                                                                                                                                                                                                                                           |

On August 16, 2006, the undersigned issued a Report and Recommendation that the Petition should be dismissed without prejudice and without requiring the respondents to file a return because on the face of the Petition, it appeared to the court that Petitioner had not filed an application for post-conviction relief with respect to his conviction, and thus with respect to Petitioner's claims of ineffective assistance of counsel, Petitioner had failed to exhaust his administrative remedies, as required by 28 U.S.C. 2254(b)(1)(A). As the Petition appeared to the undersigned to be a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (a "district court must dismiss habeas petitions containing both unexhausted and exhausted claims."), dismissal was recommended. [6]

The Petitioner timely filed Objections, claiming that he had filed two (2) applications for post-conviction relief. [7] On September 14, 2006, the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina, issued an Order [8] which

remanded the case to the undersigned Magistrate Judge, as the latter did not have any information regarding Petitioner's applications for post-conviction relief at the time the Report and Recommendation was issued.

Thereafter, on September 18, 2006, the undersigned issued an Order which authorized service upon the Respondents and notified Petitioner of the change of address rule.  [10]  On September 22, 2006, the Respondents acknowledged Service of the Petition upon them [11], and thereafter the Respondents requested three(3) extensions of time in which to file a response [13; 15; 17], which were granted by the undersigned.  [14; 16; 18]

On January 12, 1007, the Respondents filed a Motion for Summary Judgment, and a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") with supporting exhibits.  [20; 21-1-- 21-10]

The undersigned issued an Order filed on January 17, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975),[2] notifying Petitioner of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Return by February 23, 2007.  [22]  On February 1, 2007, Petitioner requested an extension of time through April 18, 2007 in order to gather needed documentation from the SCDC and prepare a response.  [23]  Also on February 1, 2007, Petitioner filed a request for appointment of counsel [24] and in that pleading explained that while his direct appeal was pending, Petitioner "unknowingly had another party" filed his (first) PCR applciation.  Petitioner stated he was not aware that he could not have a PCR application and a direct appeal going at the same time, and neither the court nor petitioner's attorney advised him that he must either withdraw the appeal or wait until it was completed in order to file a PCR

---

[2] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

application. Therefore, Petitioner requested that the court consider the second PCR application as the first application.

On February 2, 2007, the undersigned issued an Order granting Petitioner an additional thirty (30) days in which to respond to the Respondents' Motion, and denying Petitioner's request for appointment of counsel. [25] On February 27, Petitioner filed a response in opposition to Respondents' Motion for Summary Judgment. [26] The Respondents elected not to file a reply. As the issues have been joined, this case is ready for review by the undersigned.

## V.  DISCUSSION

### A.  The Antiterrorism and Effective Death Penalty Act

The present habeas corpus petition was filed on August 9, 2006. Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In the present case, it is clear that Petitioner did not timely file within the one-year limitations period in Section 2244(d)(1)(A).

The one-year statute of limitations period begins running "from the latest of" several potential starting dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In the present case, the relevant starting date is "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A); *see also Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). However, a "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2). While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)").

     Petitioner was convicted on October 9, 1996. He appealed to the South Carolina Court of Appeals, which dismissed the direct appeal in an unpulbished opinioin on December 31, 1997. (Tab #2) The Remittitur was entered on January 16, 1998, which is the date that Petitioner's conviction became final. During the ninety day window of finality for direct appeal certiorari, he filed his first application for post-conviction relief on January 29, 1998. The statutory period continued to toll until the remittitur was entered on the denial of his PCR appeal on December 4, 2001. By this court's calculation, it was 254 days later, on August 15, 2002, when he filed his successive and time-barred state PCR, except for the subject matter jurisdiction claim. Assuming it was properly filed, the limitations period tolled until the remittitur was entered on December 30, 2005. At that time, he had 111 days (365 days minus 254 days) of non-tolled time remaining. Therefore, Petitioner had until April 20, 2006 to file

his federal habeas petition. However, Petitioner did not file his Petition on August 9, 2006, which was 222 days later, or 111 days beyond the limitations date of April 20, 2006. Therefore, Petitioner's Petitioner should be dismissed under 2244(d).

Petitioner argues, in his opposition to Respondents' Return [26], that he "unknowingly" filed his PCR application while his direct appeal was pending, and faults both the court and his attorney for neglecting to tell him of this error. Petitioner argues that he was entitled to notice from the court that he could withdraw his appeal or wait until it was completed in order to file a PCR application. [26, p. 2] Construing Petitioner's argument liberally, the court nonetheless does not find that Petitioner has set forth any kind of viable argument (asserting equitable tolling or any other grounds) that could salvage Petitioner's late Petition.

In conclusion, the Petition is barred by the one year limitation period set forth in Section 2244(d)(1) and it is recommended that the Petition should be denied and dismissed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that Respondents' Motion for Summary Judgment **[20] should be granted**.

George C. Kosko
UNITED STATES MAGISTRATE JUDGE

March 19, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).