**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| John Pinckney, #24192,               ) | |
|                                                     ) | |
|           Petitioner,       ) | |
|                                                     ) | |
| v.                                               ) | C.A. No.: 9:06-2274-PMD-GCK |
|                                                     ) | |
| John Ozmint, Director of SCDC;   ) | **ORDER** |
| Anthony Padula, Warden of Lee    ) | |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General of South ) | |
| Carolina                                       ) | |
|                                                     ) | |
|           Respondents. ) | |
| _____) | |

      Petitioner John Pinckney ("Petitioner" or "Pinckney"), a *pro se* state prisoner, seeks *habeas corpus* relief under Title 28, United States Codes Section 2254. This matter has been reviewed by the United States Magistrate Judge and is currently before the court upon the recommendation that summary judgment be entered in favor of Respondents. The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Petitioner Pinckney timely filed objections to the R&R.

**HISTORY OF THE CASE**

**I.    Background**

      In 1996, Petitioner was indicted for first-degree criminal sexual conduct, in violation of S.C. Code 16-3-652 (96-GS-18-549). (App. 410.) On October 9, 1996, Petitioner's case was called for trial and Petitioner was found guilty of the charge. The Honorable Luke N. Brown sentenced

Petitioner to confinement for a period of thirty (30) years. (App. 339.) Petitioner timely sought direct appeal review of his conviction and sentence on the grounds that the verdict went against the weight of the evidence. (App. 415.)

The South Carolina Court of Appeals dismissed the appeal after consideration of the record and counsel's request to be relieved was granted. (App. 344 (*State v. Pickney*, Op. No. 97-UP-688 (S.C.S.Ct., filed December 21, 1997).) The Court issued the remittitur on January 16, 1998. (Tab #3.)

## II.     Petitioner's Application for Post-Conviction Relief

### *First PCR Action*

On January 29, 1998, Petitioner filed an application for post-conviction relief alleging he was being held unlawfully for the following reasons: 1) Denial of Due Process, 2) Ineffective assistance of counsel, and 3) Ineffective assistance of appellate counsel. (App. 345-359.) Following an evidentiary hearing on the matter at the Dorchester County Courthouse, the Honorable Duane Shuler entered his written order denying relief. (App. 427-430.)

On April 27, 1999,. Petitioner timely appealed the denial of this first PCR to the South Carolina Supreme Court. On January 19, 2001, Petitioner's counsel filed a *Johnson* Petition for a Writ of Certiorari and requested to be relieved as counsel pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). Petitioner's appeal raised one issue at to whether due process of the law was denied when counsel failed to request a *Batson* hearing.

On December 18, 2000, Petitioner filed a motion for relief of counsel and appointment of appellate counsel. (Tab #5.) On November 15, 2001 the South Carolina Supreme Court entered its order denying the petition for writ of certiorari and granting counsel's request to be relieved. (Tab

#6.)  The remittitur was entered on December 4, 2001.  (Tab #7.)

### *Second PCR Action*

The Petitioner made a second application for post-conviction relief (2002-CP-18-1267) on August 15, 2002.  (Tab # 13, App. 493-504.)  Petitioner alleged that he was being held in custody unlawfully due to "(1) ineffective assistance of counsel; (2) subject matter jurisdiction; and (3) after discovered evidence."  (Id.)

An evidentiary hearing was convened on April 28, 2004 before the Honorable John M. Milling.  (Tab #13, App. 515-525.)  At the hearing, Petitioner argued that the court lacked subject matter jurisdiction to convict him and that newly discovered evidence that "his sister was never present with a search warrant and that they never asked for her consent" required relief.  Respondent made a motion to dismiss the second PCR application because it was successive, time barred and raised issues that were not cognizable under the Post-Conviction Procedure Act.

On June 7, 2004, Judge Milling entered an Order of Dismissal with Prejudice (Tab #13, App. 526-532) which denied Petitioner relief.  Judge Milling held that (1) the second PCR application was successive to his prior application for PCR; (2) Petitioner's allegations of ineffective assistance of counsel should also be dismissed for failure to comply with the filing procedures of the Act. S.C. Code Ann. § 17-27-10 to -160 (Supp. 1999); (3) Petitioner's allegation that the trial court lacked subject matter jurisdiction was without merit; and (4) Petitioner's allegation regarding newly discovered evidence was without merit as articulated in *Hayden v. State*, 278 S.C. 610, 611-12, 299 S.E.2d 854, 855 (1983).

Petitioner appealed the denial to the South Carolina Supreme Court.  On November 19, 2004, Attorney Clare filed a "*Johnson* Petition for Writ of Certiorari" and requested to be relieved as

counsel pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201(1988).  (Tab #8.)  The Petition asserted that Petitioner was entitled to relief because the lower court erred in dismissing the second PCR application as successive.

On December 20, 2004, Petitioner filed a "Pro Se *Johnson* petition."  (Tab #9.)  On December 14, 2005, after review pursuant to *Johnson*, the South Carolina Supreme Court entered its order denying certiorari and granting counsel's petition to be relieved.  (Tab #10.)  The remittitur was entered on December 30, 2005.  (Tab #11.)

### III.     Federal Court History and Magistrate Judge's R&R

Petitioner is presently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Petitioner filed this Petition for a writ of habeas corpus (the "Petition") on August 9, 2006 against Jon Ozmint, SCDC Director; Anthony Padula, Warden of Lee Correctional Institution; and Henry McMaster, Attorney General of South Carolina (collectively, the "Respondents").

On January 12, 2007, Respondents filed a Motion for Summary Judgment asserting, among other arguments, that the entire Petition is time barred under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").  On February 27, 2007, after receiving several extensions of time in which to respond, Petitioner responded to Respondents' Motion.

After considering the record, the relevant law, Respondents' Motion, and Petitioner's Response, the Magistrate Judge found that the Petition was filed beyond the limitations period and recommended that it be dismissed on that basis.  The R&R explained that under the AEDPA's statute of limitations, an application for a writ of *habeas corpus* must be filed by a person in custody pursuant to the judgment of a state court within *one year* from the latest of:

4

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(R&R at 10, citing AEDPA, 28 U.S.C. § 2244(d)(1)). The R&R also noted that time during which "a properly filed application for State post-conviction relief" from the pertinent judgment or claim is pending shall not be counted toward any period of limitations under the AEDPA. (R&R at 11, citing AEDPA, 28 U.S.C. § 2244(d)(2)).

The record in this case indicates that Petitioner was convicted on October 9, 1996, and timely appealed to the South Carolina Court of Appeals. (Tab #2.) Petitioner's conviction became final when the Court of Appeals entered the remittitur on January 16, 1998. (Tab #3.) The one-year limitations period commenced upon this date. Petitioner filed his first application for post-conviction relief on January 29, 1998. The filing of this first PCR tolled the statutory period until the remittitur was entered on the denial of the PCR appeal on December 4, 2001. By the Magistrate Judge's calculation, it was 254 days later, on August 15, 2002, when he filed his second PCR, which - other than the subject matter jurisdiction claim - was denied as successive and time-barred. Assuming the second PCR was properly filed, the limitations period was again tolled until the remittitur was entered on December 30, 2005. At that time, the Magistrate Judge found Petitioner had 111 days (365 - 254) of non-tolled time remaining. Therefore, Petitioner had until April 20,

2006 to file his federal habeas corpus petition. However, Petitioner did not file his Petition until August 9, 2006, which was 111 days beyond the limitations date of April 20, 2006.

The Magistrate Judge further found that although the AEDPA limitations period is subject to equitable tolling, Petitioner was not entitled to relief under this equitable doctrine. As the R&R explains,

> Petitioner argues in his opposition to Respondents' Return [26], that he "unknowingly" filed his PCR application while his direct appeal was pending, and faults both the court and his attorney for neglecting to tell him of this error. Petitioner argues that he was entitled to notice from the court that he could withdraw his appeal or wait until it was completed in order to file a PCR application. [26, p.2] Construing Petitioner's argument liberally, the court nonetheless does not find that Petitioner has set forth any kind of viable argument (asserting equitable tolling or any other grounds) that could salvage Petitioner's late Petition.

(R&R at 12.) For this reason, the Magistrate Judge found the one year limitation period set forth in Section 2244(d)(1) barred the Petition and recommended that the Petition be denied and dismissed.

Petitioner has filed timely objections to this recommendation.

## **OBJECTIONS**

Petitioner objects that he "unknowingly" filed a first PCR while the direct appeal of his conviction was still pending. He claims this first PCR was "never dismiss[ed] by the court of common pleas and therefore Petitioner's claims or issues are unexhausted." (Objections at 3.) He asserts that he should have been notified by the court that he "could withdraw his appeal or wait until it's completed in order to file a PCR application." (Objections at 2.) Petitioner claims that this "error" denied him of his "right to a fair hearing before a tribunal with the power to decide the case." (Id.)

6

The court finds that Petitioner's objection is unsupported by the record.[1] There is no evidence in the record before the court that Petitioner filed any PCR application during the pendency of his direct appeal. Rather, the record indicates that the first PCR was properly filed in state court on January 28, 1998, thirteen days *after* Petitioner's conviction became final. Even assuming Petitioner did file a PCR during the pendency of his direct appeal, there is no indication that Petitioner was prejudiced by this alleged filing error. It is uncontested that the State court fully and properly considered the merits of the issues raised in the PCR filed January 29, 1998.

Construing Petitioner's objections liberally, the court finds that Petitioner has failed to state a viable argument for excusing the untimeliness of his Petition. Accordingly, the court finds the Petition is barred by the one year limitation period set forth in Section 2244(d)(1).

## CONCLUSION

For the reasons as stated herein, the court finds that John Pinckney's Petition for *habeas corpus* relief under Title 28, United States Code Section 2254 is untimely. Accordingly, the court **ADOPTS** the Magistrate Judge's recommendation in full and **GRANTS** Respondents' Motion for Summary Judgment.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 31, 2007.**

---

[1] The objections are also unresponsive to the Magistrate Judge's finding that the Petition is untimely.

7

## **NOTICE OF APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.